KENNEDY & COOKSEY, plaintiffs in error, *vs.* PINCKNEY G. HEAD, trustee, etc., defendant in error.

1. H. married a minor, who, at the time, owned three negroes; before he had reduced the negroes to possession, he consented to a settlement of the same upon his "wife during her natural life, with remainder to her children in fee, and in default of issue, then to her relations in equal degree," and executed a writing to that effect: *Held*, that such a settlement was good and valid, and that the property thus settled upon the wife was not subject to the wife's debts. *Held also*, that such a settlement is valid without being recorded, as is required in cases of "marriage agreements and settlements."

Levy and claim, in Gwinnett Superior Court. Tried before Judge NATHAN L. HUTCHINS, at the March Term, 1861.

In the month of August, 1854, Mary F. Roberts, then a minor, intermarried with one Pinckney G. Head. The marriage occurred without the consent, and against the wishes, of the mother or guardian of the minor. At the time of the marriage the minor owned three negroes, which were in possession and under the control of Isaac M. Young, her guardian, who then had them hired out.

On the 26th of December, 1854, and before the husband had reduced the negroes into possession, or exercised any control over them, he executed and delivered an instrument in writing, of which the following is a copy :

Kennedy & Cooksey *vs.* Head, trustee.

"GEORGIA—GWINNETT COUNTY.

"This is to acknowledge that I have received from Isaac M. Young, late guardian of my wife, late Mary F. Roberts, and her trustee, a negro man, Charles, a negro woman, Lucy, and her child, Florida, which negroes I receive and hold as trustee for my said wife during her natural life, with remainder to her children in fee, and in default of issue, then to her relations in equal degree.

"As witness my hand and seal, this 26th December, 1854.

"PINCKNEY G. HEAD.　　[Seal]

"Test, N. L. HUTCHINS, Notary Public."

This paper was recorded in the office of the Clerk of the Superior Court of Gwinnett county on the 15th of March, 1856.

On the 13th of January, 1856, the firm of Brooks, Head & Ray, of which Pinkney G. Head was a member, executed a promissory note to Kennedy & Cooksey for $2,767 63, upon which note suit was afterward brought and judgment rendered on the 13th of September, 1856.

From this judgment a writ of *fieri facias* issued, which was levied upon the negroes aforesaid as the property of Pinckney G. Head, one of the defendants, and the said Pinckney G. Head, as trustee for his wife, Mary F. Head, and her children, interposed a claim to said negroes.

On the trial of the claim, the plaintiffs introduced the *fi. fa.* with the levy thereon, and proved that the negroes were in the possession of Head at the date of the levy, and rested their case.

The claimant then offered in evidence the instrument in writing hereinbefore set forth, which was objected to on the ground, that said paper was not sufficient to constitute a marriage agreement or settlement, for want of proper and necessary parties; that if otherwise sufficient, it was not recorded within the time prescribed by law, and was therefore void as to creditors becoming such before such record was made, and that the marital rights of the defendant,

Head, having attached to said property before that time, were not thereby divested as to such creditors.

These objections were overruled, and the paper admitted in evidence, to which plaintiffs excepted.

After other proofs were submitted, showing the history of the transaction as hereinbefore given, the presiding Judge charged the jury, "that the wife was entitled to have a reasonable support out of her own property set apart for her, and could enforce this right by resorting to a Court of Equity, which would decree it to her; that if the husband waived his marital rights, and consented that the property should vest in a trustee, and remain her separate estate, before he had reduced it to possession, it was as good and binding as a decree in equity would be, and that Head could receive and hold the property as trustee for his wife." To this charge plaintiffs excepted.

The jury found the property not subject to the execution, and the plaintiffs seek a reversal of that judgment, because of alleged error in admitting the paper in evidence, and in charging the jury as before stated.

SIMMONS & WINN, CLARK & LAMAR, for plaintiffs in error.

WILLIAM H. HULL. *contra.*

*By the Court.*—LUMPKIN, J., delivering the opinion.

Mary F. Roberts, a minor, intermarried with Pinckney G. Head in August, 1854, against the wishes of her mother and guardian. She owned three negroes, Charles, Lucy and child, Florida, which were then hired out by the guardian, Isaac M. Young, during the year 1854. At the end of that year, and before the negroes came into possession of Head, the husband, he by a suitable and sufficient instrument in writing settled said negroes upon his wife during his nuptial life, and upon her children, should she have any, remainder in fee, and in default of offspring, to the relatives of his said wife. Head contracted a debt in 1856, which was sued to judgment, and levied upon these negroes, and the question is,

are they liable for Head's debts, or are they protected by the settlement?

The wife was entitled to a reasonable support and maintenance out of this property, and especially as she was a minor, and married without the consent and against the wishes of her guardian. A Court of Equity would have decreed it to her. The husband might voluntarily do what he would have been compelled to do by a Court of Equity. Before he came into possession of the property and before his marital rights attached, he made the settlement. Being two years before the debt was contracted, had he been in possession of the property, it would have made no difference. Equity Rep., 86.

And this trust being the act of the husband himself, and he being the trustee, it must be a separate estate, or the words are nugatory. Steel vs. Steel, Iredell Eq., 1 Leading Cases in Equity, 413; Hill on Trustees, 421; 3 Adkins, 399.

But it is said the paper made by Head was not recorded withing three months from the execution thereof, in the county of the husband's residence, and therefore can not have any force or effect against a *bona fide* creditor without notice. (Cobb, 180.)

By reference to the Act of 1847, it will readily be seen that it does not apply to this case. That statute applies "to marriage agreements or settlements." This is neither; but a voluntary settlement of the wife's equity. Suppose this settlement had been made under a decree of the Court of Equity. It will not be pretended that that decree would have to be recorded in the county of the husband's residence.

Neither is this paper, which is a substitute for it. Suppose the father, or any friend of the married woman, were to make a post-nuptial settlement upon the wife, the terms of the law clearly does not apply to such a case. And if the Legislature wishes the act to be more comprehensive in its provisions, let them say so. As it now stands, it only applies to "marriage agreements or settlements," and this is neither the one nor the other.

Let the judgment be affirmed.